UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BECKY SUZANNE KASSNER,<br><br>Defendant. | NO. 2:17-CR-0208-TOR-2<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE |

BEFORE THE COURT are Defendant's construed Motion for Compassionate Release and Motion to Reduce Sentence. ECF Nos. 240, 245. The Government filed its responses in opposition. ECF Nos. 243, 247. Defendant filed her reply. ECF No. 248. These matters were submitted for consideration without oral argument. Timothy J. Ohms appeared on behalf of the government. The Defendant is represented by John B. McEntire, IV. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's motions are denied.

ORDER DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE ~ 1

## BACKGROUND

On February 21, 2018, Becky Suzanne Kassner appeared before the Court, waived indictment, and entered a plea of guilty to the Information Superseding Indictment filed on February 21, 2018, charging her with three counts of Distribution of 5 or More Grams of Actual Methamphetamine, in violation of 21 U.S.C. § 841.

On June 21, 2018, this Court sentenced Defendant to a 68-month term of imprisonment, followed by a 4-year term of supervised release, and a $300.00 special penalty assessment. ECF No. 190. Defendant was remanded to the custody of the United States Marshal to begin service of her sentence. *Id*. at 2. Defendant is currently scheduled for release on December 12, 2021 and claims that she is eligible for release to a halfway house as early as June 2021. ECF Nos. 240 at 2; 243 at 3; 245 at 45.

On both October 19, 2020 and November 9, 2020, Defendant requested compassionate release from the Warden of FCI Waseca. ECF Nos. 240 at 15; 244-1; 244-2 (sent via email by counsel). Defendant's first request was denied on October 30, 2020. ECF No. 243-1.

On November 2, 2020, Defendant filed what was construed as a Motion for Compassionate Release. ECF No. 240. On November 3, 2020, the Court appointed the Federal Defenders to represent Defendant according to General

1  Order No. 20-9-1. On December 22, 2020, Counsel then filed a more complete
2  Motion to Reduce Sentence. ECF No. 245.
3      Defendant requests the Court to reduce her sentence to time-served,
4  followed by five years of supervision. ECF No. 245 at 47. She explains that she
5  suffers from obesity, latent tuberculosis, and severe depression, all of which raise
6  the risk for Covid-19 complications. *Id*. She contends that she is not a community
7  danger and that the 18 U.S.C. § 3553(a) factors support her release. *Id*.
8      The Government opposes release because it is not clear that Defendant has
9  met her burden of showing that her combination of medical conditions places her
10 at greater risk of serious illness from COVID-19 to meet the standard of
11 extraordinary and compelling reasons required by the statute. ECF No. 243 at 15.
12 As to the consideration of whether Defendant presents a danger to the safety of any
13 other person or to the community, the Government believes that this is a close
14 question and defers to the Court in assessing Defendant's risk to the community.
15 *Id*. at 16.

16                           **DISCUSSION**
17 **A. Eligibility for Compassionate Release**
18     Federal courts have the statutory authority to modify an imposed term of
19 imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1)
20 or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).

Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1. Here,

Defendant's motion will be analyzed under the catch-all provision, "other reasons" that are "extraordinary and compelling."

### B. Exhaustion or Lapse of 30 days

Defendant appears to have exhausted her administrative remedies and has waited 30 days after submitting her request to the warden of the institution where she is housed. The Government concedes that Defendant has exhausted her administrative remedies. ECF No. 243 at 12. Accordingly, the Court will consider Defendant's administrative remedies exhausted.

### C. Extraordinary and Compelling Reasons

Defendant, age 36, argues that her comorbidities—her three medical conditions present an extraordinary and compelling reason to justify a reduction in sentence. ECF No. 245. Specifically, she claims that she "suffers from obesity, with a 33.9 BMI based on her height (5'6") and weight (208 lbs); she suffers from hepatitis-C; and she suffers from latent tuberculosis (a lung disease), which evidence shows could become activated during a Covid-19 infection." *Id*. at 25. Defendant reasons that these vulnerabilities place her at higher risk of becoming seriously ill from Covid-19. Additionally, Defendant claims to suffer from untreated mental health conditions. *Id*. at 32, 38-39.

Based on the medical records provided, the Court finds that Defendant's current medical conditions are being monitored and managed with medication.

Defendant is not currently diagnosed with a terminal illness, nor does she suffer from any debilitating injury or disease. Defendant is fully capable of self-care and full functionality. Defendant's medical conditions and mental health are stable. Defendant's Hepatitis-C is being monitored. ECF No. 244-16 at 1. Defendant has not shown that her positive test for latent tuberculosis even warrants treatment at this time. None of Defendant's medical conditions, either individually or in combination, rise to a level of severity which would warrant compassionate release, nor are they so serious individually or in combination that COVID-19 presents a major risk factor.

Defendant contends the Bureau of Prisons is not testing as much as it should and is isolating individuals that complain of symptoms (solitary confinement). The Court observes that the Bureau of Prisons has provided routine medical examinations, continues to monitor Defendant's health and is responding to the pandemic. This does not warrant release at this time.

Whether Defendant is housed in prison or detained at home, the virus continues to spread throughout society. Fear of the virus does not warrant immediate release. In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court

should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>  (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B)  to afford adequate deterrence to criminal conduct;
>  (C)  to protect the public from further crimes of the defendant; and
>  (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)  the kinds of sentences available;
> (4)  the kinds of sentence and the sentencing range established for—
>  (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>   (i)  issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>   (ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>  (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5)  any pertinent policy statement—
>  (A)  issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of

        whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (B)   that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)   the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At sentencing, Defendant's total offense level was 23 and presented a criminal history category of V (10 points). This directed an advisory guideline range of 84 to 105 months of imprisonment. The Court expressly varied from the advisory range to impose a sentence sufficient but not greater than necessary to comply with the purposes and goals of sentencing, specifically considering the Defendant's unresolved mental health issues and her chemical dependency, which were tempered by consideration of her extensive criminal history and the need to protect the public. Defendant's criminal history includes six prior convictions for domestic violence related offenses, two for identity theft, and six prior convictions for drug offenses, including four counts of distribution of methamphetamine.

Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. This was not a simple, one time event, it involved the repeated distribution of a significant quantity of methamphetamine.

1  The Court is obligated to protect the public from defendant's serious and reckless
2  conduct.  The sentence the Court imposed was "sufficient, but not greater than
3  necessary," to comply with the purposes of § 3553(a), including to reflect the
4  seriousness of the offense, to promote respect for the law, to provide just
5  punishment for the offense and to afford adequate deterrence to this criminal
6  conduct.  Even with recent developments, the sentence imposed remains sufficient
7  but not greater than necessary to comply with the purposes of sentencing.

8  **E. Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

9  Defendant contends that she poses no risk to the community and if there are
10 any reservations about that, they can be addressed through supervised release
11 conditions.  ECF No. 245 at 41.  The Defendant's criminal history tells another
12 story.  Despite repeated prior convictions, Defendant continued her criminal
13 conduct.  Indeed, these instant crimes were committed while on DOC supervision
14 for four felony counts of distributing methamphetamine.  ECF No. 186 at 16.
15 Defendant's good conduct and successful rehabilitative activities—
16 completion of RDAP, education, classes and work while in prison—are all
17 commendable, but do not warrant early release.
18
19
20

## CONCLUSION

Although Defendant's health conditions are unfortunate, they are not serious, the Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's construed Motion for Compassionate Release and Motion to Reduce Sentence, ECF Nos. 240, 245, are **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** January 19, 2021.



THOMAS O. RICE
United States District Judge